NO. 7583 **7583** STATE OF LOUISIANA

SUTHERLIN CONSTRUCTION CO

 VS

CITY OF GRETNA.

COURT OF APPEAL

PARISH OF ORLEANS.

**7583**

# OPINION.

By his Honor John St. Paul.

This is an action by a contractor for a balance alleged to be due *to it* *by the defendant* for constructing its waterworks system.

The petition alleges, the answer admits, and the evidence shows, that the contract was let for the lump sum of $46830. with a provision that any surplus or shortage of material furnished should be adjusted at certain prices fixed in the contract. There was an agreed deduction of $2840, for a pump not furnished, and the contractor admits a deduction of $114.70 for some 12 inch pipe also not furnished; thus leaving a net contract price of $43875.30.

In the same way it is admitted, and proved, that there was extra work done amounting to $4423.51; thus making the total gross amount due the contractor $48298.81.

It is also admitted, and proved, that payments were made to the contractor amounting to $47966.48.

So that if we eliminate *from consideration* certain deductions which the defendant claims there is still due the contractor a balance of $332.33 above other claims which he makes herein; all of which will more clearly appear by reference to Item A of the memorandum annexed hereto.

## II.

As the defendant claims that the payments wiped out the account in full, and as the deductions to which we have referred amount to only $193.86 (as per Item B of the memprandum annexed) there is a difference of $138.47 between the defendant and ourselves.

But we have not attempted to analyse the details of that difference, as we are satisfied that defendant has followed an erroneous method in its accounting.

The contract very clearly provides for a lump sum for the work, subject to additions or deductions at certain fixed prices. But the city engineer proceeded in his estimates as if the contract provided for "unit prices."

512

Of course if the unit prices (which may have served as a basis for reaching the lump sum) were exactly the same as the prices fixed by the contract for additions and deductions, then the result would necessarily be the same; but a comparision of the prices fixed in the contract with the unit prices used by the engineer, shows that the prices were not the same (See first 9 items of Defendant's Exhibit E, Document 28, and compare with same items on page 2 of original contract, Document 29). And as the engineer used higher prices than allowed by the contract, of course his deductions would always be greater; which accounts for the difference aforesaid.

### III.

The deductions which the defendant claims the right to make, amounting to $193.86 as detailed in Item B. of the memorandum annexed, are arrived at by subtracting from the total length of pipe measured "overall/ ", the space occupied by crosses, tees and valves; on the theory that these spaces are not occupied by pipe, but by these special castings, which have been paid for seperately.

The uncontradicted evidence of a number of reputable and disinterested engineers, familiar with this class of work, shows that it is the underline universal custom to measure pipe laid in trenches "overall", without deduction for spaces occupied by tees, crosses and valves; that the work at and around the special castings is greater and more costly than the laying of straight pipe; that the presence of these specials in a line is an added expense and not a saving to the contractor; that all contractors make their bids on the basis of overall measurements; and the evidence is that the bid in this case was made with regard to that custom.

Under the circumstances the deductions cannot be allowed; since well known customs enter into all contracts and form part thereof unless clearly meant to be excluded. C. C. 1903, 1964, 1966.

### IV.

The contractor claims additionally the sum of $514.19 as detailed in Item C of the memorandum annexed.

Of this amount the sum of $240.24 is for 364 feet of 6 inch pipe at 66 cents per foot. This claim grows of the extra work for which plaintiff was allowed payment. On defendant's Exhibit E, Document 28, Sheet 1, it appears that by overall measurements plaintiff laid 3733. 8 feet of 6 inch pipe for this extra work;; but the engineer allowed him pay for only 3369.8 feet, deducting 364 feet for the spaces occupied by specials.

Fortthe reasons which we have just given (in the section which precedes this) we think the deductions should not have been made, and that plaintiff is also entitled to recover this amount viz $240.24

Plaintiff claims also the sum of $129.75, on what is called Force Accounts Nos 1 and 2 ($26.75 plus $103.-)

The claim is for ###### alleged extra work. To support it we have only the testimony of plaintiff's superintendent who says that the work for which the claim is made was not covered by the contract and should be paid for as extra. Opposed to this is the testimony of the City engineer who holds that the work was within the contract and was not extra.

It is therefore simply a matter of opinion whether ####work was, or was not, covered by the contract.

The witness seem to differ honestly, and we are unable to determine which one of them is right. But as the plaintiff must make the claim certain and has failed to do so, we are bound to reject it.

Plaintiff also claims that the defendant kept certain lengths of left-over pipe, or junk, as detailed in Item D of the annexed memorandum, for which plaintiff should be paid.

But from a careful consideration of the evidence as a whole and of the different exhibits herein filed, we are of opinion that all these left over pieces of pipe were included in and formed part of the overall measurements for which plaintiff contended and which we have allowed. This claim must therefore be disallowed.

V.

In reconvention defendant claims $75 which it paid to a party who had been chosen to act as arbÿtrator in this matter when at one time it was proposed to submit this controversy to that method of settlement.

The evidence shows that plaintiff's superintendent agreed to such a submission, but that he had no authority to do so, and his principal did not approve of his act. It further shows that the arbitrator's fee had been fixed at $150, of which each party was to pay half; and that when plaintiff refused to approve the submission, the defendant had already submitted to the arbitrator its contentions and proofs; wherefore defendant thought that the arbitrater was entitled ex acquo et bono to some compensation, and so paid him its portion of the fee which he was to have received.

As defendant paid only its own portion of the agreed fee, which it would have had to pay even if wholly discharged by the award, (and perhaps paid even that without any strict legal obligation to do so under the circumstances), we are at a loss to understand why plaintiff must reimburse it. But however that may be, the fact that defendant's superintendent was not authorized to make the submission ends the matter, as there was no reason to presume that he had such authority, which must always be express and special. C. C. 2997,3101.

The judgment appealed from is therefore reversed, and it is now ordered that there be judgment in favor of plaintiff the Sutherlin Construction Co, and against the defendant the City of Gretna, for the full sum of Five hundred and Seventy-two 57/100 Dollars ($572.57) with legal interest from June 15th 1916 until paid and the costs of both courts; and it is further ordered that the reconventional demand of the defendant be rejected at its cost.

515

------------------------------------------------------------

MEMORANDUM ANNEXED TO JUDGMENT.

### Item A.

| | | |
|---|---:|---:|
| Gross Contract Price | | $46830 |
| Deduction for pump | $2840.00 | |
| " " 12 inch pipe | 114.70 | 2954.70 |
| Net Contract price | | 43875.30 |
| Extra Work, Approved | | 4423.51 |
| Total Gross Amount due Contractor | | 48298.81 |
| Payments Admitted | | 47966.48 |
| Balance due Contractor | | 332.33 |

### Item B.

Additional Deductions Claimed by defendant

| | | |
|---|---|---:|
| 98.4 feet 12 inch pipe at 1.20 | | $118.08 |
| 10.5 " 10 " " " 98 | | 10.29 |
| 177 " 4 " " " 37 | | 65.49 |
| | Total | 193.86 |

### Item C.

Additional Claims by Contractor

| | |
|---|---:|
| (1) 364 feet 6 inch pipe at 66 | 240.24 |
| (2) Force Accounts Nos 1 and 2 | 129.75 |
| (3) Left over pipe (Junk) | 144.20 |
| Total | 514.19 |

### Item D.

Detail of Left over pipe (Junk)

| | |
|---|---:|
| 46.3 feet 12 inch pipe at 120 | 55.54 |
| 6.0 " 10 " " " 98 | 5.88 |
| 82.1 " 6 " " " 66 | 54.26 |
| 77.4 " 4 " " " 37 | 28.52 |
| Total | 144.20 |